UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CURTIS ARD and JUDY ARD, | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) Case No. 4:14-CV-1832 (CEJ) ) |
| ALFA LAVAL, INC., f/ka DELAVAL, et al., | ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the stipulation to dismiss and joint motion to remand this case, filed by plaintiffs and defendant ConocoPhillips Company. No response to the motion has been filed, and the time allowed for doing so has expired.

**I.  Background**

Plaintiff Curtis Ard alleges that he was exposed to asbestos-containing products while employed in oilfields and shipyards starting in the mid-1970s. In 2013, he became aware that he had developed lung cancer, which he alleges was caused by his exposure to asbestos. On May 27, 2014, he and his wife Judy Ard filed suit in Missouri state court against 75 defendants[1] including, as relevant here, ConocoPhillips Company (Conoco), Ensco Offshore Company, and General Gasket Corporation, a Missouri corporation. Plaintiffs bring state-law claims for strict liability, negligence, willful and wanton misconduct, fraudulent misrepresentation, battery, conspiracy, and loss of consortium.

On October 29, 2014, defendant Conoco removed the matter to this court, asserting federal-question jurisdiction under 28 U.S.C. § 1331. Plaintiffs and Conoco

---

[1]Additional defendants were named in amended pleadings.

have now entered into a stipulation for dismissal of the plaintiffs' claims against Conoco without prejudice. They also move to remand the matter to state court.

**II.     Discussion**

A removing defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. Altimore v. Mount Mercy College, 420 F.3d 763, 768 (8th Cir. 2005). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." In re Prempro Products Liability Litigation, 591 F.3d at 620 (citing Wilkinson v. Shackelford, 478 F.3d 957, 963 (8th Cir. 2007)). A case must be remanded if, at anytime, it appears that the district court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3).

In its notice of removal, Conoco stated that plaintiff was employed by defendant Ensco on an offshore oil rig on the Outer Continental Shelf. The Outer Continental Shelf Lands Act (OCSLA), 43 U.S.C. § 1349(b)(1), provides original jurisdiction over actions governed by OCSLA.[2] Nase v. Teco Energy, 347 F. Supp. 2d 313, 318 (E.D. La. 2004). Conoco removed to this court based on this grant of original jurisdiction. The parties now move the court to remand the matter to state court because the party that sought federal jurisdiction is no longer a party.[3]

---

[2]OCSLA provides that:
[T]he district courts of the United States shall have jurisdiction of cases and controversies arising out of, or in connection with, (A) any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf, or which involves rights to such minerals . . .

43 U.S.C. § 1349(b)(1).

[3]The parties mistakenly state that removal was based on "federal officer subject matter jurisdiction." Stipulation and Motion, ¶4

Plaintiffs assert only state-law based claims in the complaint and no defendant other than Conoco has asserted jurisdiction based on OCSLA. In the absence of a claim arising under federal law, the court may retain jurisdiction only if there is complete diversity of citizenship and none of the defendants is a citizen of Missouri. 28 U.S.C. § 1441(b)(2). Here, defendant General Gasket Corporation is a Missouri corporation and, therefore, the court no longer has jurisdiction of this case.

Accordingly,

**IT IS HEREBY ORDERED** that the joint motion to remand [Doc. #124] is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall make an entry in the docket record reflecting the dismissal of defendant ConocoPhillips Company from this action without prejudice, in accordance with the stipulation for dismissal [Doc. # 124]. Fed.R.Civ.P. 41(a)(1)(A)(ii).

**IT IS FURTHER ORDERED** that the Clerk of Court shall remand this matter to the Twenty-Second Judicial Circuit of Missouri (St. Louis City) from which it was removed.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 25th day of November, 2014.